UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BRIDGET MARY O'DONNELL,

    Plaintiff,

v.       Case No. 1:13-CV-436

COMMISSIONER OF       HON. GORDON J. QUIST
SOCIAL SECURITY,

    Defendant.
_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

    Plaintiff, Bridget O'Donnell, has filed an Objection to Magistrate Judge Phillip Green's September 1, 2015 Report and Recommendation (R & R), recommending that this Court affirm the Commissioner of Social Security's decision denying Plaintiff's claim for disability insurance benefits.  In his R & R, the magistrate judge recommends that the Court reject Plaintiff's argument that the Administrative Law Judge (ALJ) failed to give valid reasons for rejecting Plaintiff's reported symptoms and limitations. (R & R at 7–11.)  The magistrate judge noted that in finding Plaintiff's testimony regarding the intensity, persistence, and limiting effects of her impairments less than fully credible, the ALJ properly considered Plaintiff's daily activities, the ALJ's observations of Plaintiff at the hearing, and the existence of minimal objective medical findings in the record. (R & R at 8–10.)  The ALJ also recommended that the Court reject Plaintiff's assertion that the ALJ violated the treating physician rule in the weight she gave the opinions of two treating sources, psychologist Diane Denman and Ruth Walkotten, D.O.  The magistrate judge concluded that the

ALJ cited adequate and well-supported reasons for giving Psychologist Denman's opinion little weight. (R & R at 17.)  Similarly, the magistrate judge concluded that the ALJ articulated good reasons for rejecting the opinions of Dr. Walkotten—her opinions were essentially a recitation of Plaintiff's subjective complaints, were inconsistent with the weight of the objective clinical findings, and were unsupported by medical evidence. (R & R at 22.)

Pursuant to 28 U.S.C. § 636(b)(1), this Court is required to review *de novo* those portions of the R & R to which specific objections have been made.  The Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations.  *Id.*  After reviewing the R & R, Plaintiff's Objection, and the pertinent portions of the administrative record, the Court will overrule Plaintiff's Objection and adopt the R & R as the opinion of the Court.

In her Objection, Plaintiff reiterates her argument made to the magistrate judge that the ALJ violated the treating physician rule.  Plaintiff contends that the ALJ failed to articulate any reason, let alone "good reasons," for rejecting "part 2" of Dr. Walkotten's opinion.  Plaintiff further contends that the ALJ committed reversible error by failing to give treating psychologist Denman's opinion as to functioning controlling weight and by relying on her own assessment of Plaintiff's psychological impairments based on Plaintiff's "smiling" at the hearing.  The Court rejects these arguments and concurs with the magistrate judge's conclusion.  The ALJ gave good reasons that were well supported in the record for giving psychologist Denman's and Dr. Walkotten's opinions little or no weight.  The magistrate judge did not err in his analysis.  Moreover, as the magistrate judge observed, an ALJ may rely on his own observations of the claimant at the hearing in assessing the claimant's credibility.  Contrary to Plaintiff's assertion, there is no indication that the ALJ substituted her opinion for that of the trained medical providers.

Plaintiff also contends that the ALJ's rejection of the treating source opinions necessarily resulted in the ALJ "playing doctor." The Court disagrees. As the magistrate judge observed, the ALJ did not "play doctor," but instead considered and weighed the evidence in the entire record, and drew appropriate conclusions from that evidence. In short, Plaintiff's contention that the ALJ rejected the treaters' opinions based on "irrelevant minutiae," (dkt. # 19 at Page ID#1028), is simply another way of characterizing the ALJ's weighing of the evidence. Such was not error.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued September 1, 2015 (dkt. # 18) is **ADOPTED** as the Opinion of the Court, and the decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objection (dkt. # 19) is **OVERRULED**.

A separate judgment will issue.

This case is **concluded**.


Dated: September 30, 2015             /s/ Gordon J. Quist
                                                                            GORDON J. QUIST
                                                      UNITED STATES DISTRICT JUDGE